THE COMMUNITY TRACTION CO. *v.* WANDTKE.

208

(Decided January 28, 1929.)

*Messrs. Tracy, Chapman & Welles,* for plaintiff in error.

*Messrs. Meck & Meck,* for defendant in error.

LLOYD, J. Plaintiff in error, the Community Traction Company, seeks to reverse a judgment entered by the court of common pleas upon a verdict of $5,000 in favor of defendant in error, Mary E. Wandtke. The Community Traction Company will be referred to as the defendant and Mrs. Wandtke as the plaintiff.

At about 12:30 o'clock a. m. of November 11, 1927, the plaintiff was driving her automobile westerly on Adams street in Toledo. With her were three ladies who had spent the evening at her home, whom she was then taking to their respective homes. Plaintiff claims, and the evidence offered in her behalf tends to prove, that, while so operating on Adams street, and when between Twelfth and Thirteenth streets, the automobile came in contact with a trolley wire of defendant which had become detached and had fallen into the street, that there was an intense flash of electricity, and that she received a shock of electricity which caused the injuries of which she complains in her petition. In her petition, filed on December 15, 1927, the plaintiff alleges:

"That on account of receiving said electrical shock plaintiff was rendered unconscious and she suffered great mental and physical pain and anguish

in the past, and will be compelled to suffer in the future on account thereof.

"That on account of such shock she suffered a complete mental and physical collapse and that her injuries are permanent and she will continue to suffer from the effects thereof.  *  *  *  That her nervous system has been completely and permanently shocked and she will continue to suffer in the future on account thereof."

Defendant, by motion, requested the court to require "plaintiff to make her petition definite and certain by stating in what manner and to what extent said plaintiff was injured." This motion was overruled, the defendant excepting thereto. The issues were made up by answer and reply, and trial of the action was had, commencing on May 24, 1928, with the result above indicated.

During the trial, an eye specialist called by plaintiff testified that an examination of plaintiff's eyes disclosed an inflammation of the retina, known as retinitis, which in his opinion would "rather get worse instead of improve," and that this condition might be caused by a burn from a flash of intense light. To this testimony the defendant objected and excepted, for the reason that there was no specific allegation in the petition of any injury to the eyes of the plaintiff. During the trial, the defendant produced evidence tending to show that persons in an automobile could not receive an electric shock in the manner claimed by plaintiff, because of the fact that the rubber tires thereon served as an insulator and would prevent such an occurrence. In rebuttal plaintiff called a witness, Jones by name, who testified that about a year before the occurrence in ques-

tion an automobile driven by him had come in contact with a fallen trolley wire of the defendant, and that he had thereby received an electric shock. The record shows that the defendant objected and excepted to this testimony on the express ground that it was not proper rebuttal. No request was made therefor, nor did the court instruct the jury as to the purpose for which it was admissible.

The defendant claims that the judgment rendered for plaintiff should be reversed because:

(1) The injuries, if any, to the eyes of plaintiff from the flash were not caused by actionable negligence.

(2) The court erred in refusing to require plaintiff to make her petition definite and certain, and in admitting evidence of an injury not specifically averred.

(3) It was an abuse of discretion to permit plaintiff to amend her petition as to the alleged condition of her eyes.

(4) The court erred in permitting the witness Jones to testify as to having received an electric shock from a fallen trolley wire while driving his automobile on a previous occasion.

(5) The court erred in not excluding the testimony of one of the physicians because his opinion was based in part upon the statements made to him by the plaintiff, and because the hypothetical questions propounded failed to include all of the facts which the evidence tended to prove.

(6) The verdict and judgment are manifestly against the weight of the evidence.

In our judgment, the motion of defendant to require the petition of plaintiff to be made definite and

certain in the particulars requested might well have been granted, since the object and intent of the motion was clear, although taken literally it might be said not to request a specific enumeration of the injuries claimed by plaintiff to have been sustained by her. The plaintiff alleged in her petition the manner in which she was injured and, in general language, the extent of her injuries, but did not particularize as to the nature and character of the injuries. The trial judge may well have thought that "in what manner and to what extent said plaintiff was injured" was not equivalent to requesting that the petition be made definite and certain by stating the nature and character of the injuries claimed to have been sustained by her. However, we do not think the ruling on this motion, or the permission given to plaintiff during the trial to amend her petition by interlining therein "that there has been a condition known as retinitis developed in plaintiff's eyes as a result of the flash from the electricity at said time," constitutes prejudicial error. There is no evidence in the record that defendant made any effort to secure a physical examination of the plaintiff prior to the trial, and, upon request, during the trial, an opportunity to make such examination was afforded, and the physicians called by defendant, who then examined the plaintiff, according to their testimony had no difficulty in concluding that plaintiff's eyes were not injured by the happening in question, but that such condition was due to other causes. They stated that the condition of plaintiff's eyes was not retinitis, but what is known as a choked disc, that is "a protrusion of the optic nerve into the eye," and was a condition which could not be caused

by an electric shock, or by a flash or light; but was
"due to some pressure in the brain." The nature
of the examination so made having been such that
these specialists were able positively to conclude
that plaintiff's eyes were not injured by the happen-
ing in question, it was not prejudicial error to per-
mit the petition to be amended to conform to the
evidence offered by plaintiff as to the condition of
her eyes. Moreover, the defendant was advised
two weeks before the trial that plaintiff claimed an
injury to her eyes and intended to offer evidence
with respect thereto. The deposition of plaintiff was
taken on May 10, 1928. The plaintiff was not present
at the trial, and this deposition was read in evidence
in her behalf. One of the defendant's attorneys was
present at the taking of the deposition and cross-
examined the witness. In the deposition are the fol-
lowing questions and answers to which, at the trial,
defendant objected and excepted, because there was
no averment in the petition of plaintiff as to any
such injury:

"Q. How about your vision, your eyes, what has
been the condition of your eyes since the time that
this happened? A. I can't see things very plain.
They seem to be misted like.

"Q. What effect, if any, does the light—the day-
light—have upon your eyes? A. It hurts my eyes."

Defendant claims that the alleged injuries to the
eyes from the flash of electricity was not caused by
actionable negligence; that is, no liability exists for
acts of negligence causing mere fright or shock, and
not accompanied by contemporaneous physical in-
jury. We assume that the "shock" thus referred
to is a mental condition merely, not one resulting

from a current of electricity, or an inflammatory condition of the eyes caused by a flash of electricity. We are of opinion, also, that the court did not err in permitting the witness Jones to testify. The defendant had produced evidence as to the impossibility of a current of electricity passing through a circuit made by contact of a trolley wire with the automobile of plaintiff, and the impossibility of a person seated therein being injuriously affected thereby. Jones testified to an occurrence which, if he is to be believed, tended to prove the contrary. Since this testimony was properly admitted for this purpose, and defendant made no request of the court to instruct the jury that this was its sole purpose, no complaint can now be made as to its admissibility.

The hypothetical questions propounded to one of the physicians called by the plaintiff, and to whose testimony defendant objected and excepted, included, as we view it, only such facts as there was some evidence tending to prove. We do not understand the rule to be that in asking such a question counsel must include therein all of the conflicting statements made by various witnesses, but that it is sufficient if the question assumes the existence of facts which the evidence fairly and reasonably tends to establish in support of the claim or theory for which the party asking the question is contending. Of course, if the jury find that the facts so testified to and assumed in the question are not proven, then the opinion of the witness is valueless. On cross-examination, this physician stated that his opinion as to the condition of plaintiff was based ''on the things she told me and the examination I made,'' but he had previously stated that ''it was on my exami-

nation; I am giving my opinion." And subsequently this latter statement was reiterated. The court therefore did not err in refusing to instruct the jury to disregard the opinions thus given by this witness.

Including the plaintiff, there were four persons in the automobile which she was driving. Three of them testify that they felt a tingling, numbing sensation concurrently with the flash of electricity, which they described as being a bright, blinding flash. The evidence is in conflict as to the nature of the injuries to the plaintiff, and as to whether or not she received any injury as a result of this happening. The defendant made no claim that it was not chargeable with negligence and it was not argued by counsel either orally or in their briefs. The evidence being directly in conflict the issues involved were peculiarly within the province of the jury to decide, and, however much individual opinion may differ as to what the verdict should have been, this court cannot say that the verdict is manifestly against the weight of the evidence.

Finding no prejudicial error, the judgment is affirmed.

*Judgment affirmed.*

RICHARDS and WILLIAMS, JJ., concur.